338 July 30, 2025 No. 694

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. D.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

R. D.,
*Appellant.*

Multnomah County Circuit Court
23CC02335; A181264

Benjamin P. O'Glasser, Judge pro tempore.

Argued and submitted May 13, 2024.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Jona Jolyne Maukonen, Assistant Attorney General, argued the cause for respondent. On the brief was Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this civil commitment proceeding, appellant seeks reversal of the trial court's judgment committing her to the Oregon Health Authority (OHA) for up to 180 days based on a determination that she is a danger to others, and the supplemental order prohibiting her from possessing firearms. In an unpreserved assignment of error, appellant contends that the court plainly erred in failing to provide her with counsel "as soon as reasonably possible" under ORS 426.100(3)(e), and that the court should have provided her counsel earlier than it did. We conclude that appellant's assignment of error is not subject to plain-error review because the error is not obvious and because it requires us to choose among competing inferences. Accordingly, we affirm.

We view the evidence in the light most favorable to the trial court's disposition and are "bound by the trial court's findings of historical fact that are supported by any evidence in the record." *State v. B. B.*, 240 Or App 75, 77, 245 P3d 697 (2010). We review compliance with statutory requirements for legal error. *State v. C. C. N.*, 334 Or App 224, 226, 555 P3d 346 (2024).

Although the parties are familiar with the procedural background, we begin with a brief recitation of the undisputed facts to provide context for this nonprecedential memorandum opinion. On April 17, appellant was transported to Unity Hospital, where she was examined by a doctor who signed a "Notification of Mental Illness" and placed a hold on appellant after determining that she was "imminently dangerous to herself and others." The trial court received the "Notification of Mental Illness" the next day. On April 19, an investigator filed a Pre-commitment Investigation report recommending that the court issue a citation for a commitment hearing and a warrant of detention. The next day, April 20, the court issued an "Order for Citation" setting a hearing for 9:00 a.m. on April 21. The court also issued a "Warrant of Detention" for appellant to be brought to the court at that time. In a subsequent order, the court modified the hearing date to April 24.

On April 24, the trial court entered an "Order Before Hearing," which provides that "Disability Rights of

Oregon [had been] appointed counsel as of April 20" to represent appellant. The hearing commenced that same day.

At the outset of the hearing, the trial court informed appellant of her rights, which included that appellant had the right to counsel:

> "You have a right to obtain suitable legal counsel possessing skills and experience commensurate with the nature of the allegations and the complexity of the case. If you cannot afford to hire counsel, or if you do not request counsel, the Court will appoint counsel. And I've appointed Disability Rights Oregon to be your attorney today. And Ms. Morin, who's seated to your right, she's the attorney that DRO has assigned to help with your case."

The court further explained that appellant had a right to request a continuance for five days if she needed more time to prepare for the hearing. The court went on to explain that appellant could "stipulate to a civil commitment" and gave her an opportunity to discuss this option with her attorney. Appellant agreed, and the court recessed so that she and her attorney could speak confidentially. When the hearing resumed, appellant's counsel told the court that appellant "would like to stipulate that she has a mental illness, but nothing else (indiscernible)." After some discussion about the nature of appellant's mental illness, the court observed: "So *** it does sound like we'll go forward with the hearing today. And so, I appreciate that you had a chance to talk with [your attorney]." To which appellant responded, "Barely." The court then told appellant:

> "And I—I understand that these—these cases proceed on a timeline that makes it hard to have extended conversations. But it sounds like you've declined to do the stipulation. Do you have any questions about the rights that I read through a few minutes ago?"

Appellant responded by requesting a written copy of her rights, which the court explained were given to her in writing a few days earlier. The court also noted on the record that appellant's attorney handed her a written copy of her rights, which appellant was reviewing. The court then proceeded with the hearing and ultimately determined that

appellant had a mental illness that made her a danger to others.  Appellant timely appeals.

On appeal, appellant argues that the trial court plainly erred in failing to strictly adhere to the requirements of ORS 426.100(3)(e) when it appointed counsel less than half an hour before the hearing. ORS 426.100(3)(e) provides, in part, "If the person is being involuntarily detained before a hearing on the issue of commitment, the right \* \* \* under paragraph (b) of this subsection to have an attorney appointed may be exercised as soon as reasonably possible." We reject appellant's arguments because her contention does not meet the requirements for plain-error review.

Generally, an issue not preserved before the trial court will not be considered on appeal. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). When a party fails to preserve a claim of error, we have discretionary authority to review whether the trial court committed plain error. ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

The legal point appellant raises on appeal is not obvious, especially considering our recent decision in *State v. C. T.*, 333 Or App 718, 720, 553 P3d 1070 (2024). In that case, which was decided after oral argument in this case, we concluded that, "as a matter of statutory construction, it is not obvious or beyond reasonable dispute that ORS 426.100(3)(e) requires the court to appoint counsel for someone as soon as reasonably possible after an emergency hold starts." *Id*. at 720-21. We reasoned that the phrasing "as soon as reasonably possible" as used in ORS 426.100(3)(e) seems to "refer to when a detained person may act to obtain or request counsel, rather than when the court must appoint counsel in the absence of a request." *Id*. at 721. Further, "even if the court's obligation to appoint counsel 'as soon as reasonably possible' is triggered as soon as the emergency hold is placed, the record [was] silent as to what was 'reasonably possible'" in that case. *Id*. We reject appellant's arguments for the same reasons.

The statute is silent as to when the court must appoint counsel following an emergency hold and the legal point of what "as soon as reasonably possible" means is not obvious for purposes of plain-error review. To the extent that appellant contends that "as soon as reasonably possible" means that the trial court must appoint counsel at some point earlier than half an hour before the hearing to have time to confer with counsel and meaningfully participate in their hearing, the argument triggers another impediment for plain-error review, *viz.*, we must choose between competing inferences to assess whether there was an error or not.

Appellant's argument on appeal also fails to satisfy the requirement that the purported error be apparent on the record without having to choose among competing inferences. Here, the record is ambiguous as to when counsel was appointed. Appellant contends that counsel was not appointed until half an hour before the hearing on April 24, relying on the trial court's remark: "And I've appointed Disability Rights Oregon to be your attorney today." However, the record contains the court's "Order Before the Hearing" that provides that it appointed counsel as of April 20, which was four days prior to the commitment hearing. Appellant does not explain the discrepancy between when counsel was appointed in the order and her claim that counsel was appointed half an hour before the hearing. Further, the court's statement that it appointed Disability Rights Oregon "to be [appellant's] attorney today" is subject to at least two interpretations. That statement can be interpreted to mean either "Today, I appointed Disability Rights Oregon to be your attorney" or something along the lines of "I've previously appointed Disability Rights Oregon to be your attorney at the hearing today." Given the ambiguity of that statement, the alleged error is not apparent on the face of the record because we would have to choose between competing inferences. In short, because the alleged error is not obvious or beyond reasonable dispute and further would require us to choose among competing inferences, we conclude that it does not meet the requirements for plain-error review.

Affirmed.